NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3234
_____

JAMES L. GLOVER,
Appellant

v.

UNITED STATES POSTAL SERVICE;
POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01913)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: March 6, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Glover appeals the District Court's order granting Appellees' motion for summary judgment. For the reasons that follow, we will affirm the District Court's judgment.

The procedural history of this case and the details of Glover's claims are well known to the parties, set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, Glover was hired to a non-career postal carrier position as a City Carrier Assistant ("CCA"), which involved working different schedules and routes as needed. As discussed below, he believed that other CCAs were receiving preferential treatment based on race and national origin. When Glover was reassigned to a new station, he refused to come to work. In a letter dated October 14, 2016, he stated that he was "refusing to follow orders to be reassigned and work at Point Breeze Station because of discriminatory practices by Area Manager, Station Manager and zone 3 supervisor." ECF #29-10. Because Glover refused to report to work or attend pre-disciplinary interviews, Appellees terminated his employment.

After filing a complaint with the EEOC and receiving a right to sue letter, Glover filed an employment discrimination complaint in the District Court alleging that Appellees took adverse actions against him based on race, color, religion, gender, and national origin, retaliated against him, and failed to accommodate his religious beliefs and his disability of attention deficit hyperactivity disorder (ADHD). The Postmaster moved for summary judgment. The District Court granted the motion, concluding that the undisputed facts showed that Glover was not terminated for discriminatory reasons but rather because he refused to report to work. It also determined that Appellees had not

retaliated against him or failed to reasonably accommodate his disability or religious beliefs. Glover filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting summary judgment. Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We agree with the District Court's thorough analysis of Glover's claims and have little to add to its discussion. We will briefly address Glover's arguments on appeal.

Glover's claims of employment discrimination and retaliation are analyzed under the three-step burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 346 (3d Cir. 2022) (noting that Title VII retaliation claims are analyzed under McDonnell Douglas framework). To state a prima facie case, Glover must show that he was subject to an adverse employment action under circumstances that give rise to an inference of discrimination. Once a plaintiff has established a prima facie case, the employer has the burden of producing legitimate, nondiscriminatory reasons for the employment actions. The burden then shifts to the plaintiff to establish that the employer's reasons were pretextual. McDonnell Douglas Corp., 411 U.S. at 802-04; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).

3

Glover asserts that he and his African-American coworkers were denied "hold-downs" based on their race and national origin. A hold-down is an assignment where the CCA temporarily covers a route for a regular mail carrier who has been absent at least five days. He contends that two employees of other national origins, F.D. and T.G., were given hold-downs for extended periods. As noted by the District Court, however, Glover admitted that F.D. and T.G. had seniority over Glover based on their hiring dates. Glover does not challenge the District Court's determination that these two employees were entitled to preference over Glover in the assignment of hold-downs based on seniority. Glover has not established a prima facie case that Appellees discriminated against him based on race or national origin. Even if he had, he has not shown that a reasonable factfinder could conclude that Appellees' legitimate, non-discriminatory reasons for denying Glover's requests for hold-downs were pretextual. The District Court did not err in granting summary judgment on this claim.

Glover also argues that after he reported this alleged discrimination to management, he faced retaliation consisting of reassignments and unwarranted disciplinary actions. However, reassignments were a regular and routine part of being a CCA and do not support an allegation of retaliation. As Glover does not specify what disciplinary actions were taken as retaliation, we cannot address that portion of his argument. We do not consider undeveloped arguments or those not discussed in a brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."); Doeblers' Pa. Hybrids, Inc.

4

v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

Likewise, we will not address Glover's claim on appeal that he was disciplined for tardiness while a female employee was not. He does not identify this employee or provided any additional details for comparison. Nor did he raise this allegation in his complaint. Moreover, he admits that he was tardy.

Glover alleges that Appellees did not reasonably accommodate his ADHD. In order to make out a prima facie case of discrimination under the Rehabilitation Act, the employee must demonstrate, inter alia, that he is "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and [] that he or she was nonetheless terminated or otherwise prevented from performing the job." Mengine v. Runyon, 114 F.3d 415, 418 (3d Cir. 1997). If a plaintiff makes a prima facie case showing of a possible reasonable accommodation, the employer must show that the accommodation is unreasonable or would cause an undue hardship. Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996).

After he was transferred to Point Breeze station, Glover requested, as an accommodation, assignment to one of two specific mail routes at his former station that he was familiar with and that had start times that he preferred. ECF #12-15. In response, the Coordinator of the District Reasonable Accommodation Committee informed Glover that management would "attempt to place [Glover] in a CCA position which may not be too strenuous for [him] to become familiar with" and "monitor [him] regularly to ensure [he is] not being challenged with work conditions." ECF #29-16. His manager offered to

5

work with him until he felt familiar with his new route at his new station. ECF #29-12 at 6. Instead of working with his manager, Glover instead continued to refuse to report for work. He has not shown that a reasonable factfinder could conclude that Appellees failed to reasonably accommodate his disability. Mengine, 114 F.3d at 418 (noting that "[t]he Postal Service was not required to transform its temporary light duty jobs into permanent jobs to accommodate [the employee's] disability."); Shiring, 90 F.3d at 832 (concluding that a "[part-time flexible mail] carrier is the lowest seniority position in the Postal Service, and the Service is not required to promote Shiring to a higher level to accommodate his disability").

Glover asserts that his refusal to work was a protected activity. He appears to be suggesting that he was refusing to follow an order that would result in discrimination. He does not explain how fulfilling his job assignment, presumably mail delivery, would result in discrimination. He also appears to claim that when Appellees considered him to be refusing to work, he was on approved FMLA leave to care for his grandmother. He states, without any citations to the record, that "this detail was consistently communicated, from the discovery phase to the original complaint sworn under oath." Br. at 3. We see no mention of FMLA leave in his complaint in the District Court or in his response to Appellees' motion for summary judgment. Nor has he provided any documentary evidence of approved FMLA leave.

Glover also contends that the Appellee did not reasonably accommodate his religious beliefs. The District Court noted that Glover claimed that he could not accept reassignment based on his religious belief that the assignment was discriminatory. It

observed that he never claimed a religious belief in his October 14, 2016 letter announcing his refusal to work or in his response to Appellee's motion for summary judgment. Glover does not explain when he asked for accommodation of his religious beliefs or how those beliefs needed to be accommodated.

Glover has not shown that a reasonable factfinder could conclude that Appellees discriminated against him on any protected ground, retaliated against him, or refused to reasonably accommodate his disability or religious beliefs. Accordingly, for the reasons above, as well as those set forth by the District Court, we will affirm the District Court's judgment.